## TEXAS & P. RY. CO. v. ELLIOTT et al.

(Circuit Court of Appeals, Fifth Circuit. December 17, 1895.)

### No. 422.

1. MASTER AND SERVANT—UNSAFE MACHINERY—INJURY TO RAILROAD EMPLOYES.

A railway company is liable for injuries resulting to its employés from its failure to use ordinary care to furnish safe machinery and appliances for their use in operating the road. Ordinary care in this connection means such care as an ordinarily prudent man would use under the circumstances, and it is to be measured by the character and risks of the business. The company is not, however, bound to insure the absolute safety of its machinery, or to provide the best, safest, or newest machinery.

2. SAME—NEGLIGENCE OF INSPECTOR.

Where the person whose duty it is to repair the appliances and machinery used in operating a railway knows, or ought to know, by the exercise of reasonable care, of defects in such machinery, the company is responsible for his negligence, if he fails to repair it.

3. SAME—EXPLOSION OF LOCOMOTIVE—TRIAL—INSTRUCTIONS.

In an action to recover damages for the death of a railroad engineer by the explosion of his locomotive, plaintiff's evidence tended to show that the company had failed to use reasonable care to keep the boiler in good condition, and had allowed it to become defective, from which cause the explosion resulted. The company's evidence was directed to showing that it used ordinary and reasonable care in selecting the locomotive and in causing reasonable supervision of it by diligent inspectors, and that deceased was guilty of contributory negligence. Held, that the court properly charged the jury that if defendant's servants, whose duty it was to repair the locomotive, knew, or by reasonable care might have known, of the defects therein, then their negligence was imputable to it, and it was liable if deceased in no way, by his own neglect, contributed approximately to his death; but if the locomotive was reasonably safe, and deceased negligently let the water get too low in the boiler, and then injected fresh water, thereby causing the explosion, the company was not liable.

4. TRIAL—INSTRUCTIONS.

There is no error in refusing requested instructions which are substantially the same as instructions already given in the general charge.

Speer, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Texas.

Action by Rosa Elliott and others against the Texas & Pacific Railway Company. There was a judgment for plaintiffs, and defendant brings error.

T. J. Freeman, for plaintiff in error.

M. P. McLean and D. M. Humphreys, for defendants in error.

Before McCORMICK, Circuit Judge, and BOARMAN and SPEER, District Judges.

BOARMAN, District Judge. This suit was originally instituted in the state court of Texas to recover damages for the wrongful death of plaintiff's husband, who, at the time he was killed, was a locomotive engineer in defendant company's employment. It was removed into the circuit court for the Northern district of Texas, and therein resulted in a judgment for $10,000 for the plaintiff, Mrs. Elliott. She, as the surviving wife of the deceased, Charles T. Elliott, sued for herself and for the use of the father and mother of the deceased, Elliott. The petition represents, substantially, that her husband was a strong and vigorous young man, 31 years old; that he was at the time of his death earning $120 a month, which he devoted to her support and comfort; that she was dependent therefor entirely on his earnings; that he was employed as an engineer by defendant company; that, while he was in charge of the engine belonging to said company, the boiler thereof exploded, and instantly killed him; that said explosion was caused by the negligence of defendant company in failing to furnish her said husband a safe and suitable engine and boiler with which to discharge the duties of his employment; that the said boiler furnished him was defective, in that a large number of the stay bolts and the heads of the same, with which said boiler was provided, and which were necessary to its strength and efficiency, were weak through long use and corrosion thereof, and many of them had been broken before said boiler exploded; that such defective condition of said boiler caused the explosion thereof; that its condition was unknown to her said husband, and that he, in the course of his employment, had no means of knowing of said defects; that defendant did know, or should have known, of the defective condition of the boiler before the said explosion occurred; that the weakened condition of the boiler had existed a long time, although the defendant, knowing the same, did not use due diligence in having it repaired; that the said weakened and broken stay bolts, and corrosion about the heads of the same, caused the boiler to explode, and thereby killed plaintiff's husband; that plaintiff, by reason of the said negligence and killing of said husband, had been damaged in the sum of $25,000. In addition to these allegations in interest of herself, the petition discloses allegations showing damages of $5,000 to the father and mother of said deceased, Elliott. The judgment awarded nothing to them, and, their interest not having been prosecuted, it will not be necessary to set out those allegations.

Defendant company's answer is a substantial denial, and puts the plaintiff to the proof of all the matters necessary to warrant her recovery in this suit.

In aid of defendant's bill of exceptions, the transcript discloses all the evidence heard in the trial court. The only evidence free

from dispute is in relation to such matters as are not connected with the cause of the explosion of the boiler, but all the material incidents and facts which, cumulatively, show the cause of the explosion, are involved in conflicting testimony. The plaintiffs' testimony tends to show that the said engineer did nothing, or omitted to do nothing, which would show that he was guilty of contributory negligence; that the cause of the fatal explosion in-hered in, and sprung out of, the negligence of the defendant company in failing to use reasonable care in furnishing said engineer with a safe and suitable engine, and to use like care in keeping its machinery in good repair; that such negligence was the proximate cause of his death; that said boiler, by the negligence of defendant, had become and was faulty and defective, in the fact that the stay bolts or many of them and their heads, upon the stability and strength of which depended the power of the boiler to resist the steam pressure which was reasonably necessary to operate the engine, had become worn, corroded, and in bad repair. The defendant's evidence tends to show the condition of the engine about and at the time of the explosion, and that it was built by the Baldwin Company, and was first-class in all of its appointments; that it was but 3 years old, and that the average life of an engine is about 30 years; that it was the custom of the company to try to test all their boilers once a week, if practicable, but that once in every three or four months is reasonably sufficient to give them satisfactory trial tests; that engine 220, the one in question, was inspected October 26, 1893, with a hammer test; that the hammer test is considered the best method of detecting defects in such boilers; that a similar inspection was made on the 15th of November, 1893, at which time the inspector found 13 broken stay bolts in her boiler, and all of which were taken out, and new ones put in their places, and he found at that time all the stay bolts to be good except those 13; that the boiler, at the time of the explosion, was in good condition, and the pressure allowed on that engine was 150 pounds to the square inch; that the boiler was provided with all the stay bolts necessary to give it strength to endure much more pressure than was used on the class of engines such as No. 220; that after the explosion an examination was made by competent boiler makers and repairers, and they found only 8 or 9 bolts which were broken previous to the explosion, and that some, only about 20 or 30, were checked from one-sixteenth to one-eighteenth of an inch; that engines often are found running safely when 50 or 60 bolts are entirely broken off; that an engine might be safely run even if a large number of its stay bolts were broken off; that the explosion was caused by the negligence and failure of the engineer to keep the boiler sufficiently and properly supplied with water.

This summary of the evidence shows that plaintiff relied for recovery upon the theory that the boiler explosion was caused by the failure of defendant to keep the machinery in good repair; the adverse contention is that the engineer was guilty of contributory negligence, and that the boiler exploded because the engineer negligently let the water in the boiler get too low.

The plaintiff in error assigns errors heard on the charge, and in refusing certain requests for special charges.

After stating the issues contained in the pleadings, the trial judge gave the following charge. In paragraph 4 he said:

"A railway company is bound to use ordinary care to furnish safe machinery and appliances for use by its employés in operating its road; and, if ordinary and reasonable care is not exercised by the company to do this, it would be responsible to its servants for the injuries caused to them by such neglect. By ordinary care is meant such as an ordinarily prudent man would use under the same circumstances. It must be measured by the character and risks of the business; and when the person whose duty it is to repair the appliances and machinery of the business knows, or ought to know, by the exercise of reasonable care, of the defects in the machinery, the company is responsible for his negligence if he fails to repair it."

Fifth paragraph:

"If the jury believe from the evidence, under the foregoing instructions, that the boiler which exploded, and killed Charles T. Elliott, was defective and unfit for use, in the matters alleged by plaintiff, and that defendant's servants, whose duty it was to repair said machinery, knew, or by reasonable care might have known, of said defects in said boiler and engine, then said negligence on the part of its servant is imputable to the defendant. And if said boiler exploded by reason of said defects, and killed Charles T. Elliott, the defendant would be responsible to plaintiff for his death, if deceased in no way, by his own neglect, contributed approximately to his death. If, on the other hand, the jury believed from the evidence that the locomotive engine and boiler which exploded, and killed Charles T. Elliott, were reasonably safe appliances, and that the said Elliott, deceased, negligently let the water get too low in the boiler, and then negligently injected fresh water in the boiler, and thereby causing the explosion, then you will find for the defendant. An employer of labor, in connection with machinery, is not bound to insure the absolute safety of the mechanical appliances which he provides for the use of his employés; nor is he bound to supply for their use the best and safest or newest of such appliances; but he is bound to use all reasonable care and prudence for the safety of those in his service by providing them with machinery reasonably safe and suitable for use, and the like care devolves on the master to keep it in repair."

And, at the request of the plaintiff in error, the trial judge gave the following special instruction:

"No. 12. You are instructed that if you believe from the evidence that the explosion in question was caused by letting in of cold water upon a hot surface, and the consequent sudden generation of steam, to relieve which the safety valve was inadequate, you will find for the defendant."

Under the view which we have of the errors assigned by plaintiff in error, it will be necessary to quote and consider but the two following refused special instructions:

"No. 2. You are instructed that if you believe from the evidence that defendant used ordinary care in the selection of the engine in question, and used the same care in the selection of competent men to inspect it, and keep it in a reasonably safe condition, and if you believe from the evidence that the person so employed to inspect said engine and keep it in repair did exercise ordinary care and keep it in good condition, you will find for the defendant.

"No. 3. You are instructed, if you believe from the evidence that the defendant did employ a reasonably safe engine, and that he used reasonable care to employ a competent inspector to keep the said engine in good repair, and that he used reasonable supervision to see that such inspector performed his duty, you will find for the defendant."

. Admitting that those two refused instructions announced correct propositions and rules of law applicable to the material issues of the case, the assignments are well taken, unless the matter therein contained, or the substance thereof, is covered by or in those two paragraphs we have quoted above from the trial court's charge; but the trial court's charge, disclosed in those several paragraphs, state the law applicable to the issues, and they seem to us to serve all the purposes that the counsel for plaintiff in error may reasonably have had in wanting the court to give his two special instructions. He concedes, in his brief, that the purpose of the plaintiff's evidence was to impose liability on defendant solely because said company, by reason of its failure to use reasonable care in keeping the machinery in good condition, allowed the boiler to become faulty and defective, and that defendant company knew, or should have known, by the use of proper inspection and supervision, of its defective condition, and further that said defendant was at fault and guilty of negligence in not having the said defective boiler seasonably repaired, and that Elliott, the engineer, was free from contributory negligence. The defendant's evidence was directed to the maintenance of the theory that the defendant company used ordinary and reasonable care in the selection of and furnishing to its employés the engine in question, and continued to use like care by prudent and reasonable supervision of the machinery, and by diligent inspections, made by the company's inspector, to keep the boiler in good repair; that the engineer was guilty of contributory negligence. It seems clear to us that the trial judge's charge drew the attention of the jury sharply to the adverse contentions, and announced correct propositions of law, which were applicable to the material issues of fact relied upon by either side to vindicate their respective contentions; and that his charge, clearly and substantially, covered all the purposes the counsel could reasonably have attained had the special instructions been given to the jury. Therefore, finding no error in the refusal of the trial judge to give the special instructions tendered by the counsel for plaintiff in error, the judgment of the circuit court is affirmed.

SPEER, District Judge, dissents.